```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
GIANNIS ANTETOKOUNMPO,              :
                                    :
     Plaintiff,                     :
                                    :     20-cv-10773 (JSR)
     -v-                            :
                                    :     ORDER
WOOTER APPAREL, INC.                :
D/B/A STREET HOODS,                 :
                                    :
     Defendant.                     :
                                    :
-----------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On January 15, 2021, this Court issued a Notice of Court Conference scheduling a telephonic initial pretrial conference for today at 11:00 a.m. ECF No. 9. Defense counsel failed to appear. Although plaintiff's counsel alleged that defense counsel sent a letter to Chambers requesting an adjournment, no such letter was received by the Court.[1] Moreover, even if such a letter had been sent, it would have been a nullity because it would have been in violation of the Court's Individual Rules. See Hon. Jed S. Rakoff, Individual Rules of Practice R. 1(a) ("All communications with Chambers must be by means of joint telephone calls . . . . Correspondence with the Court (whether by letter, email, or

---

[1] No such letter was filed on the docket, either. On January 21, 2021, the defendant filed a Joint Stipulation and Proposed Order proposing to extend defendant's time to respond to the Complaint to February 20, 2021. ECF No. 12. The Court adopted the proposed order. ECF No. 15. However, the order did not adjourn, or otherwise mention, today's conference.

1

otherwise), filing correspondence on ECF or docketing correspondence with the Clerk of Court, and copying the Court on correspondence with others, is strictly forbidden, except as specifically authorized by these rules or expressly requested by the Court."). Indeed, this incident illustrates the very reason for the Rule: if the Court had granted the requested adjournment, both counsel would have been on the phone to set a new date.

Moreover, the Proposed Case Management Plan jointly proposed by plaintiff's counsel and defendant's counsel was deeply flawed. Accordingly, the Court proceeded with the conference and, with the help of plaintiff's counsel, prepared a now-binding Case Management Plan, which has now been docketed. Defendant is fully bound by this Case Management Plan, and no application for any change will be permitted.

SO ORDERED.

Dated: New York, NY
January 29, 2021

_____
United States District Judge